UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MANDY NATCHI YAGI and PETER WONG,

        Defendants.

_____/

No. CR-12-0483 EMC

**ORDER RE EVIDENTIARY OBJECTIONS**

      On October 28, 2013, the government filed a "Statement Re: Defendants' Witness Lists." (Dkt. No. 197, at 1).  This filing proposed a way to streamline the trial by obviating the need for Defendants to provide evidence as to the reason for their resignation/retirement, objected to the Defendants failure to provide medical reports and results in support of their doctors' proposed testimony, and raised concerns regarding the recent addition of a doctor to Defendant Wong's witness list.  The Court addresses these issues as follows.

A.    <u>Evidence Regarding the Reason for Defendants' Resignation/Retirement</u>

      In its filing, the government indicated that it would be willing to not argue that Defendants resignation and retirement from the Public Administrators' Office was evidence of their consciousness of guilt, but would instead simply assert the dates Defendants left their employment. (*Id.*)  The government indicated that this would obviate the need for the Defendants to offer any testimony as to the reasons for their resignation or retirement.

      The Court indicated to the parties that if the government did not raise the "consciousness of guilty" argument *and* agreed to omit any and all references to the date in which Defendants

United States District Court

For the Northern District of California

1    resigned/retired, the Court would likely conclude that evidence as to the reason for the Defendants'

2    resignation/retirement would no longer be relevant to the issue of consciousness of guilt.  The

3    government stated it could not agree to this as it would impede their ability to present a coherent

4    story to the jury and would present a risk of having to alter their presentation in the middle of the

5    trial (for example, if the Defendants decided to introduce evidence regarding the dates of their

6    resignation/retirement).  Defendants also objected, arguing that the implicated evidence has a

7    broader impact beyond simply their reasons for their resignation/retirement.  In light of these

8    objections, the Court need not address the Defendants' arguments.  The Court's rulings on the

9    government's motions in limine remains in effect.

10   B.       Defendants' Rule 16(b)(1)(B) Disclosure

11            In its filing the government also argued that, insofar as Defendants have proposed to call a

12   number of doctors, the Defendants had failed to produce the "results or reports of any physical or

13   mental examination" which relates to this testimony. (*Id.* at 2-3.)  By 5:00pm, Tuesday, November

14   5, 2013, the Defendants are **ORDERED** to provide to the government the "results" and "reports" of

15   any physical or mental examination of Defendants which relate to the testimony of any doctor.

16            A "medical report is an official statement of facts concerning a patient's condition; a medical

17   result is a conclusion derived from facts gleaned during an examination."  *United States v.*

18   *Dennison*, 937 F.2d 559, 565 (10th Cir. 1991); *see also United States v. Iglesias*, 881 F.2d 1519,

19   1523 (9th Cir. 1989) (recognizing that "reports" and "results" require "formality or finality").  For

20   example, to the extent a doctor will testify as to the health of one of the Defendants at the relevant

21   time period, the Defendant must disclose to the government the formal results of any diagnostic test

22   or examination.  Defendants must also disclose any reports containing conclusions of the doctor.

23   Conversely, doctor's raw notes taken during an examination are neither "results" nor "report" and

24   need not be disclosed.  *Dennison*, 937 F.2d at 565 (finding that a doctors notes were not covered

25   under Rule 16(b)(1)(B) because they were  "'the raw material upon which a result or report—if [the

26   doctor] were to prepare one—would be based.'" (quoting *United States v. Layton*, 90 F.R.D. 520,

27   522 (N.D. Cal. 1981)).  Defendants must complete such disclosure by 5:00 pm on November 6,

28   2013.

**United States District Court**
For the Northern District of California

C.      Testimony of Dr. LaCroce

In its filing, the government raised an issue about the alleged late addition of Dr. LaCroce—Defendant Wong's psychotherapist—to Defendant Wong's witness list.  The government has also raised concerns that the proffered testimony constitutes expert testimony.  To the extent the government is objecting to this testimony, the objection is **OVERRULED**.  The Court finds that the government has not been prejudiced by any late disclosure of his testimony, particularly in light of the fact that Defendant Wong represents that the government already has all relevant records from Dr. LaCroce.  Further, the Court finds that his testimony does not constitute expert testimony. Rather, as with the other doctors, Dr. LaCroce will be permitted to testify as to "what [he] saw, what Defendant[] told [him] for purposes of obtaining treatment, diagnoses the doctor[] made, treatments [he] ordered, and the Defendant's condition [he] observed during the relevant time period."  (Dkt. No. 166, at 34).

IT IS SO ORDERED.

Dated:  October 30, 2013

EDWARD M. CHEN
United States District Judge

3