United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MANDY NATCHI YAGI and PETER WONG,<br><br>        Defendants.<br>_____/ | No. CR-12-0483 EMC<br><br>**ORDER RE CHALLENGED EXHIBITS** |

On October 23, 2013, Defendants objected to government exhibits 90 through 186C on the ground that the exhibits constitute acts that fall outside of the scope of the conspiracy and should therefore be excluded. (DKt. No. 180, at 4). On October 28, 2013, the Court issued an order requiring the government to provide an offer of proof showing its belief that the challenged exhibits (1) were likely misappropriated after August 2008 from an estate (or address an estate from which items were misappropriated after that date); or (2) is directly connected to an estate referenced in the indictment. (Dkt. No. 195, at 5-6). On October 30, 2013, the government filed the required offer of proof. (Dkt. No. 200).

Based on the offer of proof submitted by the government, 33 of the exhibits consist of either items related to an estate which closed prior to August 2008 or items for which there is no indication on the exhibit's face that it came from an estate. These exhibits are: 90, 93, 94, 95, 96, 97, 100, 105, 107, 108, 109, 110, 111, 112, 113, 114, 119, 120, 121, 121A, 132, 145, 146, 179, 180, 181, 183, 184, 185, 186, 186A, 186B, 186C. As to the remaining exhibits, Defendants' objection is **OVERRULED** as the government's offer of proof demonstrates that the items indicate that they relate to or are items

from an estate that is either still open or closed after August 2008 or is expressly referenced in the indictment.

As to the exhibits enumerated above, the Court is inclined to revisit its Rule 404(b) ruling made in its final pretrial order. In that order, the Court found that pre-August 2008 items may be admissible under Rule 404(b), but nonetheless excluded them under Rule 403 as needlessly cumulative. (Dkt. No. 166, at 16). However, it now appears evident that Defendants intend to argue that maintaining estate objects at their home was necessary for their job and that they had simply not been able to return the items to the County by the date of the search. Accordingly, evidence that Defendants had items from older estates or maintained some items in a way that made it difficult or impossible to connect the item to an estate tends to contradict Defendants' assertion. Additionally, such evidence would not necessarily be cumulative to evidence that the Defendants had items tied to a post-August 2008 estate.

To be admissible under Rule 404(b), the government must provide "reasonable notice" of the "general nature" of the "other act" evidence. Fed. R. Evid. 404(b). "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999). Here, the government provided "reasonable notice" in the form of its July 15, 2013 letter to the Defense. In its final pretrial order, the Court indicated concern with the lack of specificity as to some of the "other acts" listed in this letter, and accordingly ordered further disclosure. (Dkt. No. 166, at 18). However, the July 2013 letter expressly indicated the government's intention to utilize evidence of the items seized in both Defendants' home and therefore does not implicate any specificity concerns. (Dkt. No. 108-1, at 2).

Finally, there appears to be sufficient evidence to conclude that the Defendants possessed the challenged items and, as discussed above, the challenged exhibits appear to go to a material issue to the case—Defendant's intent—and not to Defendants' alleged propensity. *See, e.g.*, *United States v. Chaudhry*, No. C 03-40210 SBA, 2008 WL 2128197, at *4-5 (N.D. Cal. May 20, 2008) (setting forth the standard for admissibility under Rule 404(b)).

//
//

Defendants are **ORDERED** to respond to government's arguments contained in its October 30, 2013 order of proof. These responses shall be filed no later than 3:00pm, October 31, 2013. The Court will reserve its ruling until it has reviewed these responses.

IT IS SO ORDERED.

Dated: October 30, 2013

_____
EDWARD M. CHEN
United States District Judge