United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0483 EMC |
| Plaintiff, | |
| v. | **ORDER SUSTAINING DEFENDANT WONG'S OBJECTIONS** |
| MANDY NATCHI YAGI and PETER WONG, | **(Docket Nos. 202, 203)** |
| Defendants. | |
| _____/ | |

Before the Court are Defendant Wong's objection to the government's proposal to introduce testimony or exhibits pursuant to Rule 807 or Rule 902(11). For the following reasons, the Court **SUSTAINS** the Defendant's objections.

Defendant Wong has represented that on the evening of October 29, 2013, the government sent the following email:

> Counsel:
>
> The government hereby notifies the defense that it may offer records it has denominated in the exhibit list as business records pursuant to the written certification procedures of Federal Rules of Evidence 803(6) and 902(11).
>
> The government hereby notifies the defense that it may offer testimony of the witnesses on its witness list pursuant to the residual hearsay exception at Federal Rule of Criminal Procedure [sic] 807.

(Dkt. No. 202, at 1; Dkt. No. 203, at 1). Defendant objects that as to both Rule 902(11) and 807, the government's notice is insufficient. The Court agrees.

Rule 902(11) provides that business records may be authenticated under Rule 803(6) "by a certification of the custodian or another qualified person." The Rule further requires that "the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

On its amended exhibit list, the government generally responded to Defendants' hearsay objections to a large number of the government's proposed exhibits. (Dkt. No. 170). For a total of 130 exhibits, the government stated, at least in part, that the document would qualify as a "business record." The government's notice to Defendants about its intention to rely on Rule 902(11) does not specify for which purported business records the government will rely upon Rule 902(11). Nor does it provide the actual certifications. Thus, while Defendants may have the ability to review all of the purported business records in some physical sense, the government's notice fails to provide the Defendants "reasonable written notice" as it provides defendant "with substantially no opportunity to verify the authenticity of either the records or any foundational testimony or affidavits." *United States v. Weiland*, 420 F.3d 1062, 1072 (9th Cir. 2005). It is not sufficient to say Rule 902(11) may be involved for any of 130 exhibits on the eve of trial.

Similarly, the residual hearsay exception contained in Federal Rule of Evidence 807 requires, in relevant part, that the proponent "give[] an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Here, the government's notice fails to state (1) for which witness' testimony it will seek to invoke Rule 807; (2) the particulars of the statement; or (3) the name and address of the declarant. Accordingly, the government has not complied with the procedural

///
///
///
///
///
///

requirements of Rule 807. *See United States v. Ruffin*, 575 F.2d 346, 358 (2d Cir. 1978) ("'There is . . . absolutely no doubt that Congress intended that the requirement of advance notice be rigidly enforced.'" (quoting *United States v. Oates*, 560 F.2d 45, 72 n.30 (2d Cir. 1977)).

    This order disposes of Docket Nos. 202 and 203.

    IT IS SO ORDERED.

Dated: October 31, 2013

_____
EDWARD M. CHEN
United States District Judge