UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MANDY NATCHI YAGI and PETER WONG,<br><br>        Defendants.<br>_____/ | No. CR-12-0483 EMC<br><br>**ORDER RE CHALLENGED EXHIBITS** |

On October 23, 2013, Defendants objected to government exhibits 90 through 186C on the ground that the challenged exhibits either (1) fell outside the scope of the conspiracy or (2) consisted of items for which the government had not laid a proper foundation to show that they were misappropriated items.

On October 30, 2013, this Court issued an order overruling defendant's objections to those exhibits for which the government's offer of proof demonstrated that the item related to an estate that was either still open or closed after 2008 or was expressly referenced in the indictment. For those items tied to a pre-2008 estate or which contained no indicia of belonging to an estate, the Court indicated that it was inclined to revisit its Rule 404(b) ruling, but reserved its ruling until it had reviewed the response from Defendants. Defendant Yagi responded, and the Court rules as follows.

The Court finds that those exhibits which the government's offer of proof shows are part of an estate, even one which "closed" prior to 2008, are admissible under Rule 404(b). As stated in its October 30, 2013 order, the Court finds that the government's July 15, 2013 letter to defense counsel constitutes "reasonable notice" as to these exhibits. Further, the Court finds that the items (1) are

relevant to a material issue in this case—specifically Defendants' intent; (2) are not too remote in time so as to be irrelevant; and (3) implicate conduct similar to the offenses charged in the indictment. *See, e.g.*, *United States v. Chaudhry*, No. C 03-40210 SBA, 2008 WL 2128197, at *4-5 (N.D. Cal. May 20, 2008). Defendant's argument that the items are not relevant because of the significance (or lack thereof) of an estate being "closed," the issue of "after acquired property," and the like, are arguments the Defendants can make to the jury. In short, these arguments go to the weight the jury should give the exhibits, not their admissibility.

On the other hand, the Court finds that those items, seized from Defendants' home or vehicle, for which the government's offer of proof shows no connection to an estate will not be admitted. The Court finds the government has not provided a sufficient foundation for such exhibits.

For purposes of clarity, between this order, the Court's October 28, 2013 order, and the Court's October 30, 2013 order, the Court rules on Defendants' objection to Exhibits 90 through Exhibit 186C as follows: Defendants objections are **SUSTAINED** as to 92, 94, 96, 97, 105, 107, 109, 110, 112, 119, 120, 121, and 121A. They are **OVERRULED** as to the remaining exhibits.

IT IS SO ORDERED.

Dated: October 31, 2013

_____
EDWARD M. CHEN
United States District Judge

2